IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

DONNA J. WALKER,

    Plaintiff,

V.                                    CIVIL ACTION NO. 3:04-1312

JO ANNE BARNHART,
Commissioner of Social Security,

    Defendant.

## FINDINGS AND RECOMMENDATION

In this action, filed under the provisions of 42 U.S.C. §§405(g) and 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed her applications on October 28, 2002, alleging disability commencing October 16, 2002, as a consequence of thyroid cancer, seizures, headaches, residuals from two cancer surgeries and treatment and nerves. On appeal from initial and reconsidered denials, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was fifty-five years of age and had obtained an eighth grade education. Her past relevant employment experience consisted of work as a housekeeper in a nursing home. In his decision, the administrative law judge determined that plaintiff suffers from "a depressive disorder," an impairment he found to be severe. Concluding that plaintiff retained the residual functional capacity for a limited range of work at all levels of exertion and that her past work was not precluded by these limitations, the administrative law judge found her not disabled.

Review of the record reveals deficiencies which will require remand for further proceedings. Plaintiff's medical history is significant for treatment of thyroid cancer which occurred initially in 1984 and required surgery for removal of part of the thyroid gland. She experienced a recurrence of the cancer and required surgery in May of 2002 for removal of the remainder of the thyroid gland. She also had a second surgery in October 2002 for removal of lymph nodes in surrounding areas after it was determined the cancer had spread. The latter surgery was followed by radiation therapy from December 30, 2002 through February 21, 2003. Among the residual problems plaintiff reported from the illness and therapy was fatigue.

The medical reports from Dr. Friday Simpson, plaintiff's primary care provider, reflect complaints and diagnoses of fatigue on a number of occasions. Robert G. Martin, M.A., who performed a consultative psychological evaluation of plaintiff for the Commissioner on February 10, 2004, reported fatigue presented a significant impediment to his ability to accurately assess plaintiff's I.Q. and academic achievement. He noted that plaintiff became tired during the interview and testing and frequently rested her head against the wall. During testing, plaintiff had difficulty holding a pen in her right hand and worked at a slow pace. Mr. Martin even adapted the testing to

require less writing, but he observed that plaintiff became increasingly fatigued as the testing went on and opined the I.Q. test results were not an accurate representation of her true functioning. When the WRAT-3 test was administered, the examiner omitted the math and spelling portions due to plaintiff's inability to hold a pen in her right hand and her fatigue.

Though he acknowledged these observations, the administrative law judge simply concluded there was no indication fatigue would impose any significant limitation on plaintiff's ability to work. He provided no explanation of the basis for this finding, however, and the evidence certainly suggests otherwise. It is clear this factor merits further consideration in determining whether plaintiff can perform her past work or any work.

Also, as noted, during the consultative psychological evaluation with Mr. Martin, plaintiff displayed significant problems with use of the right hand which, in turn, had an effect on her ability to perform the testing administered. The administrative law judge, as discussed below, accepted and adopted Mr. Martin's findings but failed to address his observations about plaintiff's hand which are in conflict with the report of the Commissioner's consultative physical examiner who noted just two weeks after Mr. Martin's exam that plaintiff had full range of motion in both hands, full strength and intact manipulative ability.[1]

Additionally, though finding no "severe" physical impairment, the administrative law judge did find that plaintiff had a depressive disorder which "significantly limit[s] her mental ability to do basic work activities."[2] The evidence reflects that Dr. Simpson has continuously prescribed

---

[1] While plaintiff may have displayed an ability to move her hands and fingers during the physical exam and to perform some manipulation, there is no indication that she would have had to use her hand repetitively as she did during the psychological testing.

[2] See 20 C.F.R. §§404.1521(a), 416.921(a).

antidepressant and antianxiety medications for plaintiff since at least mid-2002, the date of the first report from her. An additional antidepressant was added later in 2003. Though she declined to complete an assessment of residual functional capacity, Dr. Simpson related her belief that plaintiff suffers from major depression, panic attacks, chronic fatigue, insomnia and back pain which she felt were disabling.

        While the administrative law judge did not find Dr. Simpson's opinion as to plaintiff's disability supported by findings in this physician's reports, he did indicate he relied on the assessment from Mr. Martin, the consultative psychological evaluator. The Court perceives a conflict between this examiner's assessment and the findings in his report, however. Based on his evaluation, Mr. Martin reported plaintiff displayed moderately deficient immediate memory, remote memory and pace while she had severely deficient recent memory, concentration and attention and task persistence. In the assessment of mental residual functional capacity, this psychologist found plaintiff's ability to maintain attention and concentration was "fair" (limited but satisfactory) and that her abilities in the areas of understanding, remembering and carrying out complex and detailed job instructions and demonstrating reliability were "poor" (seriously limited but not precluded) . The assessment did not have any categories for evaluating persistence or pace. In his comments relative to plaintiff's poor ability to handle complex and detailed instructions, Mr. Martin noted that plaintiff had a moderate impairment of attention/concentration, which is different from his conclusion in the report of the evaluation (severe deficiency of concentration). This conflict is significant because, if plaintiff's ability to maintain attention, concentration and task persistence are severely limited, it seems doubtful that she could perform any job.

Though recognizing that resolution of conflicts in the evidence is a function of the Commissioner, not the courts, Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964), nevertheless, before this Court can conduct a reasoned review of her decision, the Commissioner must "explicitly indicate 'the weight given to all relevant evidence,'" articulating "the reasons underlying [her] actions... ."  Murphy v. Bowen, 810 F.2d 433, 437 (4th Cir. 1987).  Here, the administrative law judge has not pointed to the supporting evidence or indicated the basis for important conclusions as to plaintiff's mental and physical impairments.  The Court concludes, therefore, that the case should be remanded in order for the Commissioner to more carefully examine the evidence as to plaintiff's mental and physical residual functional capacity and to reassess those issues.

### RECOMMENDATION

In light of the foregoing, it is **RESPECTFULLY RECOMMENDED** that this case be remanded to the Commissioner for further proceedings consistent with these Findings and Recommendation.

Plaintiff and defendant are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 72(b), Fed.R.Civ.P., the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection.  The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection

is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

        The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to all counsel of record.

DATED: July 17, 2006

            /s/ Maurice G. Taylor, Jr.
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE